Mr. Justice Merrick
delivered the opinion of the court.
This is a cross-bill filed by the receiver of the German American National Bank, to subject certain stock which had been assigned to the plaintiff in the bill below to the lien of his judgment.
The plaintiff below was assignee of certain stock in the Life Insurance Company of the State of Virginia assigned to him for the purpose of compensating a lunatic for certain indebtment to him by the assignor who was his committee, the indebtment having been incurred many years ago and the assignor being at the time of the assignment unable to pay all his debts. The plaintiff, in the cross-bill, sought to arrest the perfection of that assignment which the plaintiff in the original bill was seeking to obtain through the instrumentality of a court of equity upon the ground that, as receiver of the German American National Bank, he was entitled to a lien upon the fund, which lien, as he supposed, had been wrought out by the levy of an attachment by way of execution upon his judgment prior to the assignment made to the plaintiff in the original bill.
It is well settled, independent of the provisions of the bankrupt and insolvent laws of the. various States, and of the Federal Government when it had a bankrupt law, that a party has a right at common law and in common honesty to prefer one creditor over another. In this particular case there was every moral inducement on the part of the as *64 signor to carry out in the acts that he did this legitimate right of preference, because he had wasted the assets of an imbecile which had been placed in his hands, and that of necessity therefore was one of the most sacred debts which could rest upon him morally and in honor too. And indeed, under the provisions of many of the insolvent and bankrupt laws, that sort of debt was regarded as so sacred that fiduciary obligations were exempted from the operation of such laws.
This being the equity of the ease, therefore the plaintiff in the cross-bill could have nothing to rely upon unless it were the obtension of a legal lien through the levy of his attachment by way of execution. But here again the laws of the District of Columbia come short of the provisions which obtain now in nearly almost all the States of the Union in not making any provision by means of which stock, in an incorporated company, can be subjected to the process of attachment or the process of execution. It is well settled at common law that that sort of property is of such a shadowy nature that the hand of the law cannot grasp it so as to give to any creditor any right against it which can be enforced through any judicial process.
The lien therefore, under these circumstances, having failed altogether, the plaintiff in the cross-bill having no equity paramount, but, on the contrary, an equity subordinate to the equity of the plaintiff in the original bill, must fail in his application in the cross-bill, and it will be dismissed with costs.